UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| WACHOVIA BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-847 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| MICHAEL VORCE, WEST MICHIGAN YACHTS LLC, NETBANK, INC. and FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for NetBank FSB, | ) ) ) ) ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a diversity action alleging breach of contract and related tort claims. The case arises from an allegedly fraudulent scheme perpetrated by defendant Michael Vorce, pursuant to which Vorce and his company defendant West Michigan Yachts, LLC obtained bank loans by pledging nonexistent watercraft. Plaintiff, Wachovia Bank, N.A., alleges that Vorce applied for a loan in the amount of $250,000.00 purportedly to finance the purchase of a 2003 Sea Ray boat. The loan was placed through defendant NetBank FSB pursuant to an operating agreement between Wachovia and NetBank. Pursuant to that agreement, NetBank accepted credit applications on behalf of Wachovia and allegedly made certain warranties and agreements, including the agreement to repurchase any obligation from Wachovia if any of NetBank's representations turned out to be misleading in a material respect. Vorce and his company defaulted on the loan, and the collateral apparently never existed. In the present diversity action, Wachovia seeks to recover against Vorce

and West Michigan Yachts on the defaulted loan and asserts a breach of contract claim against NetBank arising from its refusal to repurchase the loan.

In September of 2007, NetBank FSB became insolvent, and the Federal Deposit Insurance Corporation (FDIC) was appointed by the United States Department of Treasury, Office of Thrift Supervision, as receiver. NetBank closed on September 28, 2007, and the FDIC as receiver assumed complete control of the Bank's operations. On October 9, 2007, the FDIC as receiver moved to intervene, to be substituted as the real party in interest, and for a ninety-day stay of proceedings. Defendant West Michigan Yachts has been defaulted, and defendant Vorce, although represented by counsel, has not responded to the motion. Plaintiff has filed a brief, in which it does not contest the FDIC's request to intervene and for substitution, but strenuously opposes a stay of proceedings. The requested stay was based on 12 U.S.C. § 1821(d)(12). The court allowed the FDIC to file a reply brief, in which the FDIC raised for the first time a request that the matter be stayed pursuant to 12 U.S.C. § 1821(d)(13)(D), so that plaintiff's claims can be reviewed administratively by the FDIC. District Judge Janet T. Neff has referred this motion to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A). Upon review of the submissions of the parties, I conclude that the FDIC as receiver is entitled to intervene and be substituted as a party defendant and to a mandatory ninety-day stay of proceedings. The request, contained only in the FDIC's reply brief, for a longer stay for purposes of exhausting administrative remedies is not properly before the court and will therefore be dismissed without prejudice.

**Discussion**

**1.**

The issues presently before the court are governed by the provisions of the Financial Institution Reform, Recovery, and Enforcement Act of 1989 (FIRREA). Acting under FIRREA, the FDIC performs several distinct functions. In its corporate capacity, the FDIC acts as an insurer of its member banks. In its capacity as receiver of a failed bank, the FDIC marshals the bank's assets in order to satisfy its creditors. In performing these roles, the FDIC acts as two distinct legal entities. *See FDIC v. Rahn*, 116 F.3d 1142, 1145 (6th Cir. 1997).

As the duly appointed receiver for NetBank FSB, the FDIC has requested leave to intervene in this action and to be substituted as a party defendant in the place of the failed bank. By operation of FIRREA, the FDIC as receiver succeeds to all the rights, titles, powers, and operations of the failed bank. 12 U.S.C. § 1821(d)(2). As such, the FDIC as receiver is entitled to intervene as of right in this matter pursuant to FED. R. CIV. P. 24(a) and to be substituted as party defendant in the place of the failed bank under Rule 25(c). As no party has objected, an order granting such relief will be entered.

**2.**

Plaintiff does strenuously contest the FDIC's request for a ninety-day stay of proceedings. The FDIC's motion for stay is based upon the following provision of FIRREA:

**(12)  Suspension of legal actions**

  **(A)  In general**
  After the appointment of a conservator or receiver for an insured depository institution, the conservator or receiver may request a stay for a period not to exceed --
    (i)  45 days, in the case of any conservator; and

>                (ii)  90 days, in the case of any receiver,
> in any judicial action or proceeding to which such institution is or becomes a party.
>
>        **(B)    Grant of stay by all courts required**
>        Upon grant of a request by any conservator or receiver pursuant to subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties.

12 U.S.C. § 1821(d)(12). In light of this clear language, the majority of federal courts that have faced the issue hold that a stay is mandatory and must be granted upon timely request by the FDIC. For example, in *Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A.*, 947 F.2d 49 (3d Cir. 1991), the Third Circuit squarely faced the question whether a stay under this section was mandatory or discretionary. After examining the language of the statute, the court held that "the language of section 1821(d)(12)(B) is unmistakably mandatory and precludes a district court from factoring the prospect of irreparable injury into its decision to grant or deny a stay." 947 F.2d at 67. In reaching this conclusion, the court observed that it is "hard to imagine" language more straightforward than that of section 1821(d)(12)(B) and that Congress simply left courts no room to maneuver in balancing the request for stay against any interest of an objecting party. *Id.*[1]; *accord Prince George Joint Venture v. Sunbelt Sav. FSB*, 744 F. Supp. 133, 135 (N.D. Tex. 1990); *FDIC v. Norwood*, 726 F. Supp. 1073, 1076 (S.D. Tex. 1989). Although the Sixth Circuit has not squarely faced the issue, it has *in dictum* recognized the provisions of this statute as being mandatory. *See In re Lewis*, 398 F.3d 735, 743 (6th Cir. 2005) ("Any court with jurisdiction of such action or proceeding shall grant such stay as to all parties."). In summary, a plain reading of the statute leads to the conclusion that

---

[1] The *Praxis* case involved the Resolution Trust Corporation (RTC), which acts as receiver of savings and loan institutions in the same way that the FDIC acts with regard to failed banks. The Sixth Circuit therefore considers cases involving the RTC to be *in pari materia* with those involving the FDIC. *See In re Lewis*, 398 F.3d 735, 741 n.4 (6th Cir. 2005).

a request by the FDIC as receiver under this statute must be granted and does not fall within the court's discretion.

Plaintiff nevertheless argues that a stay is discretionary and it should only be granted when the FDIC can demonstrate that it needs an extension of time in order to become acquainted with the case.  For this proposition, plaintiff relies on district court cases that are analytically flawed and factually distinguishable.  A few district courts have ignored the plain language of section 1821(d)(12)(B) and have instead attempted to divine Congress's intent, as demonstrated by legislative history.  For example, in *FDIC v. Taylor*, 727 F. Supp. 326, 328 (S.D. Tex. 1989), the court concluded that a stay would be inappropriate, because the statute's "purpose" was to give the FDIC as receiver "breathing room immediately upon appointment." 727 F. Supp. at 328.  Similarly, in *Hunter's Run, I, Ltd. v. Arapaho County Public Trustee*, 741 F. Supp. 207, 208 (D. Col. 1990), the court divined from the legislative history of FIRREA an intent to "give the FDIC receiver enough time to orient itself to the litigation."  (quoting H.R. Rep. No. 54(I), 101st Cong., 1st sess. 331 (1989), *reprinted in* 1989 U.S. Code Cong. & Admin. News (103 Stat.) 86, 127).  In both cases, the district court denied a motion for stay, finding that the FDIC had delayed unduly in making its request and that the receiver did not need any more time to acquaint itself with the litigation.  This reading of the statute is indefensible.  The statute unequivocally directs the court to grant the requested stay as to all parties.  By attempting to enforce the perceived purpose of Congress, rather than apply the words Congress used to express its will, these district courts essentially rewrote the statute.  These decisions therefore cannot be deemed persuasive.  Furthermore, they are factually distinguishable.  In each of those cases, the FDIC delayed more than ninety days after its

appointment before asking for a stay. In the present case, by contrast, the receiver's motion for stay came less than two weeks after its appointment.

The FIRREA statute requires the court to grant the FDIC's motion for stay as to all parties. Although a stay as to all parties makes no sense to plaintiff, and might not be this court's preferred course of action, Congress has decreed otherwise in mandatory language. The motion of the FDIC as receiver for a ninety-day stay of proceedings will therefore be granted. The stay commences on November 13, 2007, and continues for ninety days thereafter until February 11, 2008.

**3.**

The FDIC also asserts, with no citation of supporting authority, that its time to answer plaintiff's amended complaint will commence at the expiration of the stay and expire sixty days thereafter. This assertion is an exercise in aggressive lawyering. To be sure, the FDIC is an instrumentality of the United States government, *see Commerce Fed. Sav. Bank v. FDIC*, 872 F.2d 1240, 1248 (6th Cir. 1989), and the FDIC is therefore entitled to the sixty-day period for responding to a complaint afforded agencies of the United States government under FED. R. CIV. P. 12(a)(3)(A). *See Rauscher Pierce Refsnes, Inc. v. FDIC*, 789 F.2d 313, 316 (5th Cir. 1986). That sixty-day period, however, commences at the time of *service*. The FDIC has not cited any authority that would support the extravagant extension of time that it seeks, under which the sixty-day period would only begin to run at the expiration of the stay. According to the return of service (docket # 5), NetBank FSB was served on September 18, 2007. Consequently, fifty-six days of the sixty-day period have now elapsed, and four days remain. After the expiration of the stay of proceedings on February 11, 2008, the FDIC will then have four days remaining to it in which to file an answer.

**4.**

Finally, in its reply brief, the FDIC raises for the first time the question whether this case should be stayed pending administrative review of plaintiff's claim. The FDIC asserts that it has now formally demanded that Wachovia Bank present its breach of contract claim against NetBank for administrative review under 12 U.S.C. § 1821(d)(3)-(6). The receiver argues that a stay pending exhaustion of those administrative proceedings must be issued by virtue of 12 U.S.C. § 1821(d)(13)(D). This request is not properly before the court, as it was raised only in the FDIC's reply brief. The function of a reply brief is to respond to new matter raised by the opponent, not to inject completely new claims for relief into the case. *See Jones v. Reynolds*, 438 F.3d 685, 695 (6th Cir. 2006); *Rush v. Illinois Cent. R.R. Co.*, 399 F.3d 705, 727 n.19 (6th Cir. 2005). If the court were to entertain the FDIC's request, it would effectively deprive the other parties of an opportunity to respond. Therefore, the request of the FDIC as receiver for a stay pending completion of the administrative review process will be dismissed, without prejudice.

An order consistent with this memorandum opinion will be entered.


Dated:  November 13, 2007                    /s/  Joseph G. Scoville
                                             United States Magistrate Judge